# Commonwealth *v.* Leskovic et al., Appellants.

Submitted November 16, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

Before HANDLER, J., without a jury.

*Irving M. Green,* for appellants.

*Robert C. Earley,* Assistant District Attorney, and *W. Thomas Malcolm,* District Attorney, for Commonwealth, appellee.

Opinion by Watkins, J., June 14, 1973:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Indiana County, by Timothy John Leskovic and Vincent Philip Rapagna, appellant-defendants, after conviction on trial, nonjury, of dispensing dangerous drugs; and from the denial of motions for a new trial and in arrest of judgment. They were sentenced to pay the costs of prosecution, a fine and placed on immediate probation.

The appellants contend that their conviction must be reversed, a new trial granted or judgment arrested on the ground that the drug in question was not properly identified.

No sample of the drug allegedly sold by the appellants was produced at trial. However, several witnesses stated that the appellants sold them a drug or capsule called "Christmas trees". One witness testified that the pills dispensed were green in color and there was also testimony that "SKF" was written on the capsules. It was established that Smith, Klein and French produce a barbiturate named "Dexamyl 2" that fit the above description.

Laboratory tests done on the urine samples of witness Livingston, who was rendered unconscious by taking an overdose of the capsule, revealed a quantity of barbiturate in his bloodstream. It was established that normally no barbiturate should be present in the bloodstream. A pharmacist testified that a capsule of dangerous drugs produced by Smith, Klein and French conformed to the description given by the witnesses as to the green pills.

The above circumstantial evidence would sustain conviction without the chemical analysis of the substance. As the court below said: "Nevertheless, if proof of guilt in cases involving the sale of dangerous drugs can only be supported by chemical analysis, then an in-

supportable dimension is added to the already multidimensional drug problem as it exists in contemporary life." The appellants also objected to the testimony of an officer of the State Police who identified the capsule in question as the drug "Dexamyl 2". He reached his conclusion by comparing the appearance of the capsule, by color and the manufacturer's markings, with information on dangerous drugs contained in a manual furnished by the State Police. The court below justified its admission of this testimony as follows: "This Court admitted the testimony as being the account of visual observation, comparison, and a conclusion based thereon. It is also true that this Court in its Opinion accompanying the verdict did state that Officer Morgan's testimony is entitled to be seriously considered for the reason that it has the quality of expert testimony. This Court did not mean then and does not mean now that Officer Morgan testified as a chemist or a pharmaceutical expert but as an investigating officer armed with experience, observation, and an investigating aid in the form of a drug manual furnished for general use by the Pennsylvania State Police which pictures, describes, and identifies certain dangerous drugs. In this respect, Officer Morgan rendered an opinion and to the extent that it involved the tools which he used in coming to the conclusion, he was an expert, and in the opinion of this Court, his evidence in such capacity had weight and was credible."

As this was a case in which the court sat as both judge and jury, as a fact-finder, the judge could give this kind of testimony its proper weight. However, even if it is excluded as being improperly admitted by the court below, there is sufficient evidence in this record to sustain the conviction.

Judgment affirmed.