## Commonwealth v. Heim

*John T. Robinson, district attorney,* for the Commonwealth.

*Thomas C. Clark,* for defendant.

WOELFEL, *J.,* May 23, 1991—Defendant Barry Allen Heim is charged with criminal conspiracy in violation of 18 Pa.C.S. §903(a)(1)(2); corrupt organizations in violation of 18 Pa.C.S. §911(b)(3); and possession with the intent to deliver in violation of 35 Pa.C.S. §780-113(a)(3). On April 3, 1991, Heim filed an application for omnibus pretrial relief in which he seeks to have the information in this action dismissed or quashed. A hearing was held on May 1, 1991.

Heim requests dismissal based upon four grounds: (1) The preliminary hearing was rescheduled several times without the consent of the defendant, causing a delay of a few months; (2) count II of the information lacks sufficient specificity in that it states that the alleged crimes were committed over a five-month period, rather than specifying a particular date or dates on which the alleged crimes took place; (3) the complaint charges Heim with possession with intent to deliver "cocaine, a Schedule II controlled substance," however, the information

omits the reference to cocaine; and (4) the only evidence that cocaine was involved in the commission of the crimes charged is the testimony of Clark, a co-conspirator, and such evidence is legally insufficient to establish a prima facie case that Heim possessed cocaine.

Heim's first allegation that he was prejudiced by the delay of the preliminary hearing is without merit. The preliminary hearing initially was scheduled for September 12, 1990. The hearing took place on December 28, 1990. This is a delay of approximately three and a half months. Heim has not alleged with specificity the manner in which his ability to prepare a defense was prejudiced by the delay; there is no indication that the delay was meant to prejudice Heim's case or cause him any hardship; and there has been no violation of the Pa.R.Crim.P. 1100. Three and a half months is not an unreasonably long delay and we find no reason to dismiss this case on such grounds.

Heim next argues that the information lacks sufficient specificity. Pa.R.Crim.P. 225(b)(3) states that to be valid an information must contain:

"[T]he date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient."

The rule itself does not require that the information specify the exact date or dates upon which the crime was alleged to have occurred, especially where the offense is a continuing one.

Count II of the information states that the alleged conduct constituting the criminal violation occurred

"during an extended period that includes the time-frame of December 1989 to at least April 10, 1990. . . ." Heim claims that he is unable adequately to prepare a defense or determine an alibi without knowing when the alleged sales took place.

Heim was charged with continuous conduct as part of a corrupt organization and was identified as a member of the organization involved in the distribution and sale of cocaine. He is not charged with a single incident which is alleged to have occurred sometime during that period, but rather with a pattern of behavior. The court in *Commonwealth v. Shirey,* 333 Pa. Super. 85, 481 A.2d 1314 (1984), addressed a similar issue. In that case the informations charged the defendant with indecent assault, indecent exposure and corruption of a minor between June 1979 and December 1979. The court held that this was sufficiently specific as to dates where the charges dealt with continuing crimes against the victims. *Shirey* at 1328-29; see also, *Commonwealth v. Niemitz,* 282 Pa. Super. 431, 439-40, 422 A.2d 1369, 1373 (1980) (information stating that offenses were committed on "dates beginning in 1972 and continuing until August 1977" was sufficient where case involved continuing offenses of child abuse).

Based upon the facts and circumstances of the instant case as they were presented to this court, we conclude that because the allegations deal with continuous crimes, the period of time stated in the information is sufficiently specific.

Heim's third contention regarding the omission of the word "cocaine" from the information was disposed of during the hearing on the motion under consideration, at which time the defendant stipulated to an amendment of the information that

cocaine was the controlled substance. Therefore, we need not address this issue.

Heim's final argument is that the only evidence adduced at the preliminary hearing to the effect that the allegedly illegal substance that was involved was cocaine was the testimony of Clark, a co-conspirator. Clark testified at the preliminary hearing that he was a frequent user of cocaine, that he sampled the substance before giving it to Heim, and that when he did so it made him high in the same manner as cocaine.

The court in *Commonwealth v. Leskovic,* 227 Pa. Super. 565, 307 A.2d 357 (1973), addressed a similar issue where the defendants were charged with dispensing dangerous drugs. No sample of the drug, a barbiturate, was produced at trial, but several witnesses testified to the color and the markings on the capsules. A urine sample was performed on one of the witnesses who had taken an overdose of the capsule and it revealed a quantity of barbiturates in his bloodstream. The court concluded that the circumstantial evidence was sufficient to sustain a conviction without a chemical analysis of the capsules having been performed and the results thereof offered into evidence. Additionally, there was testimony of a state trooper who identified the capsule based upon its color and markings. The trial court considered the trooper's testimony to be of the quality of an expert witness, having based the identification of the drug on his experience and observation. The Superior Court concluded that the trial court, sitting as judge and jury, was entitled to weigh the trooper's testimony as heavily as it did.

We agree that chemical analysis of the substance is not always necessary and that the identity of a substance may be established through circumstantial evidence. It is of course the jury's province to

assign the appropriate weight to such testimony based upon the credibility and motives of the witness. We conclude, however, that there is sufficient evidence at this time to take this case to the jury.

Based upon the above discussion, the defendant's omnibus pretrial motion to dismiss or quash information shall be denied.

### ORDER

And now, May 23, 1991, defendant's motion to dismiss or quash information is hereby denied.