**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Juan R. CARPIO–SANTIAGO,**
**Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 4, 2010.
Submitted Oct. 4, 2010.
Filed Jan. 24, 2011.

Jay M. Nigrini, Reading, for appellant.

Nichole L. Eisenhart, Assistant District Attorney, Lebanon, for Commonwealth.

BEFORE: ALLEN, LAZARUS, and OTT, JJ.

OPINION BY LAZARUS, J.:

Juan R. Carpio–Santiago appeals from his judgment of sentence, imposed in the Court of Common Pleas of Lebanon County, following his conviction for possession of a controlled substance with the intent to deliver and related offenses. After careful review, we vacate and remand for sentencing.

On February 13, 2009, police officers obtained and executed a search warrant for Carpio–Santiago's residence and nearby shed. In the residence, police found a digital scale, a large metal spoon containing a white residue, a plastic bag filled with a suspected controlled substance, vials containing traces of a suspected controlled substance, and $1,150 in cash. In the shed, police discovered a surveillance camera as well as a clear plastic bag containing suspected controlled substances, placed near a pipe for smoking controlled substances.

The recovered items were tested by the police laboratory and the following results were stipulated to at trial: The lab found cocaine residue on the spoon and the digital scale, as well as in the one vial sent as a representative sample. However, the two plastic bags recovered from the house and shed were *not* found to contain a controlled substance.

During a conversation with Sergeant Brett Hopkins, Carpio–Santiago stated that he purchased cocaine but would often add various substances to dilute the cocaine. At trial, Detective Adam Saul offered expert testimony and stated that he believed the substances in the residence and shed, including those in the plastic bags that chemical testing found did not contain a controlled substance, were cocaine and crack cocaine. Detective Saul also opined that Carpio–Santiago possessed these substances with the intent to sell.

At the end of Carpio–Santagio's trial, the jury found him guilty on Count I (possession with intent to deliver a controlled substance—cocaine [1]), Count III (possession with intent to deliver a controlled substance—crack cocaine [2]), and other related offenses. Prior to sentencing, the Commonwealth provided notice that it was seeking to impose the mandatory minimum penalties (for a repeat offender) of 18 Pa. C.S.A. § 7508(a)(3)(i) on Count I, and 18 Pa.C.S.A. § 7508(a)(3)(ii) on Count III. The lower court, believing Carpio–Santiago possessed an amount of a controlled substance that triggers the mandatory minimum, ordered Carpio–Santiago to serve an aggregate sentence of 5–20 years' imprisonment. Carpio–Santiago filed a timely notice of appeal and a concise statement of errors complained of on appeal. Carpio–Santiago raises the following issue for our review:

> Whether the trial court erred in imposing mandatory minimum sentences on Counts 1 and 3 pursuant to 18 Pa.C.S.A. § 7508(a)(3)(i) and (ii) when the substance Appellant was convicted of possessing with the intent to deliver was not cocaine, a controlled substance, or

any salt, compound, derivative, or preparation of coca leaves?

Appellant's Brief, at 4.

■■■ "[A] challenge to the application of a mandatory minimum sentence is a ... challenge to the legality of the sentence." *Commonwealth v. Main,* 6 A.3d 1026, 1028 (Pa.Super.2010) (internal citations omitted). Our review of an illegal sentence is plenary and "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Boyd,* 941 A.2d 1, 3 (Pa.Super.2007) (internal citations omitted).

Pursuant to section 780–113(a)(30), an individual is guilty of possession with the intent to deliver when the substance is either a controlled substance or a counterfeit substance appearing to be a controlled substance. 35 P.S. § 780–113(a)(30). Section 7508(a)(3) imposes mandatory sentences for violations of section 780–113(a)(30) where "the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances." 18 Pa.C.S.A. § 7508(a)(3). Subsections 7508(a)(3)(i) and (ii) then detail the mandatory sentences. Section 7508(a)(3)(i) states,

> When the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison ... however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison.

1. 35 P.S. § 780–113(a)(30).

2. *Id.*

18 Pa.C.S.A. § 7508(a)(3)(i). Section 7508(a)(3)(ii) states,

> When the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison ... however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison.

18 Pa.C.S.A. § 7508(a)(3)(ii).

■ At sentencing, not trial, the court determines whether section 7508 applies, utilizing a preponderance of the evidence standard. *See* 18 Pa.C.S.A. § 7508(b); *Commonwealth v. Carroll*, 438 Pa.Super. 55, 651 A.2d 171 (1995). Further, "when calculating the proper weight of a controlled substance for purposes of determining whether the mandatory minimum sentence [is] required ... the court must consider the combined weight of both the controlled substance and any product contained in the mixture." *Commonwealth v. Perez*, 397 Pa.Super. 574, 580 A.2d 781, 783 (1990).

■ Carpio–Santiago argues that since the evidence did not show he possessed the requisite amount of the controlled substance, he should not have been given the mandatory sentence prescribed by section 7508. We agree. The trial court, in determining the aggregate weight of the "compound or mixture containing the substance," included the weight of the substances from the two plastic bags that scientific testing revealed *did not* include controlled substances. Despite the results of the testing, which demonstrate the substances were not controlled substances or a "mixture," the trial court supported its sentence by citing *Commonwealth v. Lawson*, 448 Pa.Super. 445, 671 A.2d 1161 (1996), for the proposition that courts can use reasonable inferences in determining the identity of substances, and do not need to limit their inquiry to scientific analysis.[3] *Id.* at 1165.

However, the holding in *Lawson* was based on a set of facts that are completely distinguishable from the instant case. In *Lawson*, police seized a plastic baggie that contained nineteen individually wrapped rocks of a white substance. Instead of testing to see if each rock contained a controlled substance, this Court ruled police could extrapolate the narcotics content of all the rocks from a representative sample. *Id.; see also Perez, supra*, at 783 (holding that chemist can analyze two randomly selected packets from group of twenty-two for purposes of determining if all seized items contained controlled substance); *Commonwealth v. Minott*, 395 Pa.Super. 552, 577 A.2d 928 (1990) (holding that Commonwealth may test two of fifty packets for determining drug content of all fifty).

In *Commonwealth v. Stasiak*, 305 Pa.Super. 257, 451 A.2d 520 (1982), a case on which *Lawson* relies for the proposition that circumstantial evidence alone can be used to identify controlled substances, police officers pulled over a car suspected of involvement in a drug store theft minutes

---

**3.** We note that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and its progeny hold that any fact which increases the maximum penalty, except for a prior conviction, must be proven before a jury beyond a reasonable doubt. Here, the relevant fact that triggered section 7508 was the amount of controlled substances Carpio–Santiago possessed, which was found by the judge by a preponderance of the evidence. *See also Commonwealth v. Aponte*, 579 Pa. 246, 855 A.2d 800, 811 (2004). However, since triggering the mandatory minimum in section 7508 does not increase a defendant's *maximum* sentence or alter the grading of the offense, *Apprendi* does not apply. *Commonwealth v. Kleinicke*, 895 A.2d 562 (Pa.Super.2006)(*en banc*)(emphasis added).

earlier. In the car, police found bottles of drugs which were marked as being from the drug store. This Court held that because these labeled bottles were unopened, and due to the brief time that had elapsed between the burglary and apprehension, it was reasonable to find the bottles contained drugs, even in the absence of scientific testing. *Stasiak,* 451 A.2d at 525.

In *Commonwealth v. Leskovic,* 227 Pa.Super. 565, 307 A.2d 357 (1973), another case on which *Lawson* relies, several witnesses testified at trial that the defendants sold them drug capsules, and one witness described the physical appearance of the capsules. A pharmacist then testified that the drug in question came in capsules that met the physical description the witness provided. In addition, a urine test conducted on a witness, who testified to having purchased the drug from the defendants, revealed the witness' urine sample included traces of the drug in question. This Court held that even without chemical analysis of the actual capsules, the totality of the evidence was enough to sustain a conviction for dispensing dangerous drugs. *Leskovic,* 307 A.2d at 358.

■ The instant facts are readily distinguishable from *Lawson, Stasiak,* and *Leskovic.* In none of these cases did scientific/chemical testing reveal an *absence* of the controlled substance. This factual difference with the instant case is critical. Indeed, though circumstantial evidence alone can sometimes be used to identify narcotics, like in *Stasiak* and *Leskovic,* the Commonwealth fails to point to any case in which circumstantial evidence is sufficient in the face of a negative chemical test.

The Commonwealth also seeks to pervert *Lawson*'s logic of using a representative sample to identify the content of the larger whole. Based on the Commonwealth's argument, if chemical testing results in a positive finding for a controlled substance we are to conclude the defendant possessed a controlled substance, *and* if the chemical testing results in a negative finding we are *still* to conclude the defendant possessed a controlled substance. We decline to take this position. If the representative sample can be used to determine the larger whole *contains* a controlled substance, the representative sample should also be used to determine if the larger whole *lacks* a controlled substance.

Since the samples from Carpio–Santiago's plastic bags tested negative for controlled substances, the facts do not show, by a preponderance of the evidence, that section 7508 applies. *Carroll, supra.* Therefore, the trial court should not have included the weight of these bags to trigger the mandatory minimum provisions under section 7508, and any such application of section 7508 makes the sentence illegal. *See Main, supra.* Thus, we vacate the sentence and remand for resentencing, as it is apparent that vacating the sentence will upset the sentencing scheme. *See Commonwealth v. Mears,* 972 A.2d 1210, 1212 (Pa.Super.2009).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.