J-A35007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD STANFORD, | |
| Appellant | No. 1513 WDA 2013 |

Appeal from the Judgment of Sentence August 22, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002099-2012

BEFORE:  BENDER, P.J.E., BOWES, and ALLEN, JJ.

CONCURRING MEMORANDUM BY BOWES, J.:     **FILED JANUARY 20, 2015**

I agree in full with the learned majority that Appellant's sufficiency claim is without merit.  In addition, I am constrained to concur in the result with respect to Appellant's sentencing claim based on this Court's recent decisions in **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), **Commonwealth v. Valentine**, 2014 PA Super 220, **Commonwealth v. Fennell**, 2014 PA Super 261, **Commonwealth v. Cardwell**, 2014 PA Super 263, and **Commonwealth v. Bizzel**, 2014 PA Super 267.  However, for the reasons more fully laid out in my concurring opinion in **Bizzel**, **supra**, I must respectfully disagree with the conclusion that our mandatory minimum statutes were not severable.

In **Bizzel**, I opined that the **Newman** Court incorrectly analyzed the legislative intent aspect of the severability test.  Specifically, the **Newman**

majority failed to view the inquiry through the eyes of the legislature had it known that it was unconstitutional for a judge to determine facts that trigger a mandatory minimum sentence based on a preponderance of the evidence standard. *See Annenberg v. Commonwealth*, 757 A.2d 338, 347 (Pa. 2000) ("Section 1925 funnels our inquiry to examining what the enacting legislature would have done had it known that the [provision in question] was unconstitutional."); *see also United States v. Booker*, 543 U.S. 220, 246 (2005). Instead, the *Newman* Court focused on what the legislature intended in passing the unconstitutional version of the statute. In my view, this approach was, in light of established Pennsylvania Supreme Court precedent, error.

I simply cannot agree that the legislature would not have enacted a statute to mandatorily increase punishment based on the sale of drugs of a certain weight because a judge could not determine the facts by a preponderance standard. Had the legislature known this burden of proof was unconstitutional, it is more likely that it would have substituted the constitutional standard in its place. The overriding concern of the legislature was to increase punishment for drug offenses and decrease judicial sentencing discretion. The mandatory minimum statute did not exist for the sole purpose of allowing judges to determine facts by a preponderance standard. Where the purpose of a statute is "to accomplish several distinct objects, and these can be severed, so that one may fall and the others stand, only the part which infringes the constitution will be declared

invalid[.]"  Thomas Raeburn White, *Commentaries on the Constitution of Pennsylvania*, at 29 (1907) (collecting cases); *see also Commonwealth v. Williams*, 832 A.2d 962, 986 (Pa. 2003).

Further, it is nonsensical to conclude that a person's jury trial rights were violated where he stipulated to the facts in question.  The purpose of a jury trial is to determine disputed questions of material fact.  Here, there was no dispute regarding the weight of the drugs.  Moreover, although I concede that this Court has determined that imposing such a mandatory is illegal, I believe it has done so without sufficient consideration of the legality of sentence paradigm.  There is a distinction between the situation where a legality of sentence question is presented, and when a sentence is actually illegal.

The sentence herein was not illegal because of *Alleyne*, but was rendered illegal due to our decision in *Newman* and its progeny finding that Pennsylvania mandatory minimum statutes, not related to prior convictions, are unconstitutional as a whole.  In *Newman*, this Court found that because mandatory minimum sentencing challenges ordinarily present illegal sentencing questions, and since *Apprendi v. New Jersey*, 530 U.S. 466 (2000) issues have been held to implicate the legality of a sentence, the *Alleyne* issue in that case constitutional a non-waivable illegal sentencing claim.  However, *Apprendi* challenges relate to the legality of one's sentence because the sentence would exceed the statutory maximum.  This is simply not true under *Alleyne*.

I am cognizant that numerous cases from this Court, including an opinion which I authored, *see Commonwealth v. Watley*, 81 A.3d 108 (Pa.Super. 2013) (*en banc*), have held that **Alleyne** issues implicate the legality of sentence construct. *See Newman*, *supra*; *Commonwealth v. Lawrence*, 99 A.3d 116 (Pa.Super. 2014); *Commonwealth v. Thompson*, 93 A.3d 478 (Pa.Super. 2014); *Commonwealth v. Matteson*, 96 A.3d 1064 (Pa.Super. 2014); *Commonwealth v. Munday*, 78 A.3d 661 (Pa.Super. 2013). These cases have offered differing rationales for why the issue presents an illegal sentencing question. My view in **Watley** was premised on prior precedent holding that certain challenges to mandatory minimum statutes, even where there exists other statutory authority for the sentence, have been considered illegal sentencing questions.[1] Other cases

_____

[1] In addition to **Alleyne**-related issues, in a host of other cases, both this Court and our Supreme Court have construed various mandatory minimum sentencing claims as legality of sentence questions. *See Commonwealth v. Akbar*, 91 A.3d 227 (Pa.Super. 2014); *Commonwealth v. Armstrong*, 74 A.3d 228 (Pa.Super. 2013); *Commonwealth v. Baker*, 72 A.3d 652 (Pa.Super. 2013); *Commonwealth v. Hopkins*, 67 A.3d 817 (Pa.Super. 2013); *Commonwealth v. Hawkins*, 45 A.3d 1123 (Pa.Super. 2012); *Commonwealth v. Stein*, 39 A.3d 365 (Pa.Super. 2012), *disapproved on other grounds by*, *Commonwealth v. Hanson*, 82 A.3d 1023 (Pa. 2013); *Commonwealth v. Stokes*, 38 A.3d 846 (Pa.Super. 2012); *Commonwealth v. Poland*, 26 A.3d 518 (Pa.Super. 2011); *Commonwealth v. Kittrell*, 19 A.3d 532 (Pa.Super. 2011); *Commonwealth v. Carpio-Santiago*, 14 A.3d 903 (Pa.Super. 2011); *Commonwealth v. Madeira*, 982 A.2d 81 (Pa.Super. 2009); *Commonwealth v. McKibben*, 977 A.2d 1188 (Pa.Super. 2009); *Commonwealth v. Foster*, 960 A.2d 160 (Pa.Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (OAJC); *Commonwealth v. Rush*, 959 A.2d 945
*(Footnote Continued Next Page)*

have analogized **Alleyne** with **Apprendi**, **see Newman**, **supra** and **Munday**, **supra**, although, as noted, **Apprendi** claims fit within the agreed-upon illegal sentencing category of sentences that exceed the statutory maximum while **Alleyne** does not.[2]

_(Footnote Continued)_ _____

(Pa.Super. 2008); **Commonwealth v. Love**, 957 A.2d 765 (Pa.Super. 2008); **Commonwealth v. Diamond**, 945 A.2d 252 (Pa.Super. 2008); **Commonwealth v. Stafford**, 932 A.2d 214 (Pa.Super. 2007); **Commonwealth v. Harley**, 924 A.2d 1273 (Pa.Super. 2007); **Commonwealth v. Johnson**, 920 A.2d 873 (Pa.Super. 2007); **Commonwealth v. Littlehales**, 915 A.2d 662 (Pa.Super. 2007); **Commonwealth v. Bongiorno**, 905 A.2d 998 (Pa.Super. 2006); **Commonwealth v. Bell**, 901 A.2d 1033 (Pa.Super. 2006); **Commonwealth v. Jacobs**, 900 A.2d 368 (Pa.Super. 2006) (_en banc_) (noting in _dicta_ that certain mandatory minimum sentencing claims present legality of sentence issues); **Commonwealth v. Edrington**, 780 A.2d 721 (Pa.Super. 2001); **Commonwealth v. Wynn**, 760 A.2d 40 (Pa.Super. 2000), _reversed on other ground_, 786 A.2d 202 (Pa. 2001); **see also Commonwealth v. Taylor**, ___ A.3d ___ (Pa. 2014) (filed November 20, 2014) (failure to order mandatory drug and alcohol assessment prior to sentencing, in violation of statutory language, presented legality of sentence issue); **Commonwealth v. Vasquez**, 744 A.2d 1280 (Pa. 2000) (Commonwealth's issue on appeal, regarding failure to impose a mandatory fine under 18 Pa.C.S. § 7508, was non-waivable illegal sentencing claim); **Commonwealth v. Eisenberg**, 98 A.3d 1268 (Pa. 2014) (constitutional challenge to mandatory minimum fine was illegal sentencing question).

In **Commonwealth v. Williams**, 787 A.2d 1085 (Pa.Super. 2001), a panel of this Court did hold that a constitutional challenge to 42 Pa.C.S. § 9712, based upon a violation of the defendant's jury trial rights, was a discretionary sentencing claim. That decision is no longer valid in light of decisions such as **Newman**. Of course, in **Commonwealth v. Lawrence**, 99 A.3d 116 (Pa.Super. 2014), this Court held that constitutional challenges based on equal protection and _ex post facto_ claims, relative to a mandatory minimum statute, did not present non-waivable illegal sentencing questions.

[2] My own position is that there is a critical distinction between pre-**Alleyne** mandatory cases, where judges were sentencing based on essential facts
_(Footnote Continued Next Page)_

The **Newman** Court, however, not only treated the **Alleyne** argument as an illegal sentencing claim, but also reached an issue of severability that had not been leveled below. In my view, the unconstitutionality of an entire statute, *i.e.*, whether it is non-severable, must ordinarily be argued and litigated below to entitle a defendant to relief. Phrased differently, the severability of a sentencing statute is not automatically a non-waivable illegal sentencing challenge. To put this in context, I note that compelling arguments have been made that an **Alleyne**-type rationale should apply to sentencing statutes involving prior convictions. **Apprendi**, **supra** (Thomas, J., concurring); **Harris v. United States**, 536 U.S. 545 (2002) (Thomas, J.,

*(Footnote Continued)* _____

connected to the crime that were not determined by a jury or agreed to by the defendant via stipulation or a plea, and post-**Alleyne** sentencing cases. In the latter situation, I believe any **Alleyne** issue should be preserved because the courts and Commonwealth were attempting to comply with that decision, thereby eliminating the constitutional jury trial problem. Hence, the grounds as to why a sentence would be constitutionally infirm are simply not the same in the pre-**Alleyne** cases. Phrased differently, in the pre-**Alleyne** cases, as here, there is an alleged and, in some cases, actual constitutional violation, based on an intervening change in the law, in combination with a lack of discretionary authority on the part of the sentencing judge. In post-**Alleyne** cases, the constitutional jury trial violation is generally no longer a concern. The absence of discretion in sentencing does not automatically equate to an illegal sentencing issue. **See Commonwealth v. Schutzues**, 54 A.3d 86 (Pa.Super. 2012); **Commonwealth v. Sarapa**, 13 A.3d 961 (Pa.Super. 2011); **Commonwealth v. Robinson**, 931 A.2d 15 (Pa.Super. 2007) (*en banc*) (Bender, J., dissenting). For example, in **Commonwealth v. Foster**, 960 A.2d 160 (Pa.Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (OAJC), in addition to the lack of judicial discretion, there was a violation of the statutory language interpreted by intervening Pennsylvania Supreme Court case law.

dissenting); **Almendarez–Torres v. United States**, 523 U.S. 224 (1998) (Scalia, J., dissenting) (opining that where prior convictions result in a sentence that otherwise exceeds the statutory maximum, a jury determination of the prior convictions is required); **but compare Commonwealth v. Aponte**, 855 A.2d 800 (Pa. 2004); **see also Aponte**, **supra** (Saylor, J., concurring).

This Court, however, does not *sua sponte* raise and address whether such statutes are unconstitutional in their entirety absent an argument by the defendant. Pointedly, in **Watley**, **supra**, where we *sua sponte* discussed and rejected an **Alleyne** question, we did not address severability as that issue was simply not raised or argued below.

Even absent the mandatory sentencing statute, Appellant could unequivocally have been sentenced to the period of incarceration provided in this case. This is not a situation where the court lacked statutory authority for its sentence based on the plain language of the statute.[3] Rather than

_____

[3] I recognize that in **Commonwealth v. Foster**, 960 A.2d 160 (Pa.Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (OAJC), a decision I authored, this Court did not find dispositive, on the issue of whether the claim was a legality of sentence question, the fact that the defendant could be sentenced to the same period of incarceration absent the mandatory sentencing statute. Unlike **Foster**, where the sentence unequivocally violated the Pennsylvania Supreme Court's pronouncement in **Commonwealth v. Dickson**, 918 A.2d 95 (Pa. 2007), this sentence does not violate **Alleyne v. United States**, 133 S.Ct. 2151 (2013) because the fact in question was undisputed and stipulated to. I have more recently expressed reservations regarding invocation of the illegal sentencing paradigm outside of settled

*(Footnote Continued Next Page)*

engage in a wholesale striking down of our mandatory sentencing statutes, I would allow prosecutors to prove any fact required to subject the defendant to a mandatory sentence to the jury beyond a reasonable doubt. Indeed, this procedure has been adopted by the Commonwealth regarding *Apprendi* issues, *see Commonwealth v. Mobley*, 14 A.3d 887 (Pa.Super. 2011), and has never been held to violate the federal or state constitution. Where the fact-finder's findings already encompass the necessary facts needed to subject a defendant to a mandatory minimum sentence, or the facts have been stipulated to as here, I would find any non-compliance with *Alleyne* to be harmless. *See Watley*, *supra*; *Matteson*, *supra*; *United States v. Cotton*, 535 U.S. 625 (2002) (*Apprendi* violation harmless); *United States v. King*, 751 F.3d 1268, 1279 (11th Cir. 2014) (*Alleyne* violation harmless); *United States v. Harakaly*, 734 F.3d 88 (1st Cir. 2013) (same); *United States v. Mack*, 729 F.3d 594, (6th Cir. 2013) (same).

---

*(Footnote Continued)*

constructs. I have frequently commented on the difficulties of this Court and our Supreme Court in agreeing upon a settled definition of an illegal sentencing claim. *Commonwealth v. Tobin*, 89 A.3d 663 (Pa.Super. 2014); *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa.Super. 2013) (*en banc*). I share the sentiments of the learned Justice (now Chief Justice) Thomas Saylor that there is some flexibility in whether a sentence is illegal and believe careful consideration on an issue by issue basis is warranted to determine whether a sentencing issue raises an unlawful sentence *per se*. *See Foster*, 17 A.3d 355-356 (Saylor, J., concurring); *see e.g. Commonwealth v. Lawrence*, 99 A.3d 116 (Pa.Super. 2014) (finding *ex post facto* and equal protection constitutional challenges to mandatory were waivable).

Nonetheless, because **Newman** and its progeny are binding on this panel, I am constrained to concur in the result.