J-S47021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHELLE CROWLEY | : | No. 1728 WDA 2017 |

Appeal from the Order dated November 13, 2017
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000874-2016

BEFORE: OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 24, 2018**

The Commonwealth appeals from the order entered November 13, 2017, which granted the motion *in limine* filed by Michelle Crowley to prevent testimony from a police officer that items seized in this case contain marijuana.[1] The trial court determined that, absent chemical analysis of the items, the officer's testimony was impermissible. However, it is well settled that chemical analysis of suspected narcotics is not required, provided there is alternative direct or circumstantial evidence sufficient to identify the narcotics. Accordingly, we reverse.

In March 2016, Officer Michael Bordt was dispatched to the Mellinger residence. **See** Criminal Complaint, 04/14/2016, Affidavit of Probable Cause.

---

* Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth certifies that the order granting the motion *in limine* substantially handicaps the prosecution of this case. **See** Pa.R.A.P. 311(d).

The Mellingers requested police involvement when they discovered that the child of Rebecca Mellinger's niece, Michelle Crowley, had a marijuana joint in her mouth. *Id.* Both Crowley and her child were staying at the Mellinger residence. *Id.* When Officer Bordt arrived, the Mellingers provided to him what appeared to be a small bag of marijuana, a marijuana joint, and several items of drug paraphernalia. *Id.* Thereafter, the Commonwealth filed an information charging Crowley with possession of a small amount of marijuana, possession of drug paraphernalia, and endangering the welfare of a child.[2] *See* Information, 05/24/2016.

Delays prevented the timely commencement of trial proceedings. For example, Crowley failed to appear for several pretrial conferences, resulting in the issuance of bench warrants. *See, e.g.*, Bench Warrants issued 08/08/2016, 07/05/2017, and 09/14/2017.

In November 2017, just prior to trial, Crowley presented an oral motion *in limine*, seeking to prevent testimony from Officer Bordt that items seized from the Mellinger residence contain marijuana. Notes of Testimony (N.T.), 11/13/2017, at 2. According to Crowley, as the items were never sent to a lab for chemical testing, no expert testimony could establish the presence of marijuana. *Id.* Following an offer of proof from the Commonwealth, outlining Officer Bordt's training and experience, as well as argument from the parties, the court granted Crowley's motion. *Id.* at 6.

---

[2] *See* 35 P.S. §§ 780-113(a)(31), (32); 18 Pa.C.S. § 4304(a)(1), respectively.

The Commonwealth timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion, in which it acknowledged that the identity of narcotic substances may be established by circumstantial evidence and requested that this matter be remanded for further proceedings. *See* Trial Court Opinion, filed February 20, 2018, at 2 (citing cases).

The Commonwealth raises the following issue on appeal:

> Whether the trial court erred in granting [Crowley's] motion *in limine* barring the Commonwealth from presenting testimony that the seized substance is, in fact, marijuana[.]

Commonwealth's Br. at 1 (italics added).

We review a trial court's decision to grant a motion *in limine* for an abuse of discretion. ***Commonwealth v. Belani***, 101 A.3d 1156, 1160 (Pa.Super. 2014).

> A trial court has broad discretion to determine whether evidence is admissible, and [its] ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

***Id.*** (internal quotation marks and citation omitted).

The Commonwealth contends that the trial court erred in granting Crowley's motion *in limine* to preclude Officer Bordt from testifying that the items seized are or contain marijuana. Commonwealth's Br. at 5. According to the Commonwealth, the identity of suspected narcotics may be established by direct or circumstantial evidence and need not be confirmed by chemical

analysis. ***Id.*** (citing ***Commonwealth v. Williams***, 428 A.2d 165 (Pa.Super. 1981)). Based on Officer Bordt's training and experience, the Commonwealth asserts that his testimony is admissible and its credibility left to a jury. ***Id.*** at 5-6.

In response, Crowley concedes that circumstantial evidence may "sometimes be used to identify narcotics" but asserts that "[s]ometimes chemical analysis is required." Crowley's Br. at 4 (unpaginated) (citing in support ***Commonwealth v. Carpio-Santiago***, 14 A.3d 903 (Pa.Super. 2011)). Though it is not entirely clear from Crowley's argument, she seems to suggest that Officer Bordt's experience and training were insufficient to inform his direct, visual and olfactory observations. ***See*** Crowley's Br. at 4-6. Rather, Crowley seems to suggest, additional testimony from a treating physician, hospital records, or identification testimony from a pharmacologist was required. ***See id.*** at 4 (citing in support ***Commonwealth v. Lambert***, 313 A.2d 300 (Pa.Super. 1973)); ***see also*** N.T. at 3 (suggesting that Officer Bordt was required to have a "background in chemistry"). Absent this additional evidence, according to Crowley, chemical analysis should be required. ***See*** Crowley's Br. at 4.

Initially, we must clarify that the testimony proffered by the Commonwealth constitutes direct—not circumstantial—evidence. ***See*** Commonwealth's Br. at 5-6 (suggesting that Officer Bordt's testimony is "mainly circumstantial"); Crowley's Br. at 4 (unpaginated) (attempting to

distinguish when circumstantial evidence is "alone" sufficient and when not); Trial Ct. Op. at 2 (addressing adequacy of circumstantial evidence).

> The basic distinction between direct and circumstantial evidence is that in the former instance the witnesses testify directly of their own knowledge as to the main facts to be proved, while in the latter case proof is given of facts and circumstances from which the jury may infer other connected facts which reasonably follow, according to the common experience of mankind.

*Commonwealth v. Broughton*, 390 A.2d 1282, 1284 (Pa.Super. 1978) (quoting 29 Am.Jur.2d, Evidence § 264 at 312). Here, Officer Bordt was prepared to testify as to his direct observations as to the nature of the items seized, as informed by his training and experience. N.T. at 5. While the persuasiveness of this testimony may be less compelling than chemical analysis, it nonetheless constitutes direct evidence. *Broughton*, 390 A.2d at 1284.

It is well settled in Pennsylvania that "[t]he existence of narcotic drugs does not have to be proved by chemical analysis and may be proved either by direct or circumstantial evidence." *Williams*, 428 A.2d at 167. Indeed, merely circumstantial evidence is adequate. *See, e.g.*, *Commonwealth v. Minott*, 577 A.2d 928, 932 (Pa.Super. 1990) (noting well-established policy that circumstantial evidence is sufficient and applying to extrapolation method employed to ascertain quantity of narcotics seized); *Commonwealth v. Stasiak*, 451 A.2d 520, 525 (Pa.Super. 1982) (rejecting need for chemical analysis of suspected narcotics where circumstantial evidence, consisting of sealed and labelled bottles recently stolen from pharmacy, was sufficient);

*Commonwealth v. Leskovic*, 307 A.2d 357, 358 (Pa.Super. 1973) (rejecting need for chemical analysis of capsules allegedly provided victim where description matched that of known barbiturate and urine sample of victim revealed quantity of barbiturate in bloodstream).

Thus, Crowley's suggestion that the Commonwealth was required to secure chemical analysis is not persuasive. Principally, she relies on *Carpio-Santiago*, in which this Court held, based on the facts present, that circumstantial evidence was insufficient to establish the quantity of narcotics required to trigger a mandatory sentence. *Carpio-Santiago*, 14 A.3d at 906 (thereafter distinguishing *Stasiak*, *et al.*). Briefly, in that case, police seized suspected narcotics from several locations at the defendant's residence. *Id.* at 904. Though chemical analysis confirmed the presence of narcotics in most of the items seized, it also found no evidence of narcotics in two plastic bags recovered from the defendant's house and shed. *Id.* Nevertheless, the sentencing court included the weight of this evidence in calculating the aggregate weight of narcotics. *Id.* at 906. On appeal, we rejected the sentencing court's reliance on circumstantial evidence to justify its calculation:

> The instant facts are readily distinguishable from [*Commonwealth v.*] *Lawson*, [671 A.2d 1161 (Pa.Super. 1996),] *Stasiak*, and *Leskovic*. In none of these cases did scientific/chemical testing reveal an *absence* of the controlled substance. This factual difference with the instant case is critical. Indeed, though circumstantial evidence alone can sometimes be used to identify narcotics, like in *Stasiak* and *Leskovic*, the Commonwealth fails to point to any case in which circumstantial evidence is sufficient in the face of a negative chemical test.

*Id.* at 907 (emphasis in original). Based on the critical factual distinction recognized, a distinction irrelevant here, Crowley's reliance on *Carpio-Santiago* is misplaced.

Similarly, Crowley's citation to *Lambert* is unhelpful. In that case, the defendant was charged with certain drug-related crimes, as well as corruption of minors, after it was alleged that he supplied pills to a child. *Lambert*, 313 A.2d at 300. The Commonwealth failed to prove that the pills were "dangerous drugs." *Id.* Nevertheless, the trial court denied the defendant's demurrer to the corruption charge. *Id.* On appeal, we reversed the judgment of sentence. *Id.* at 301. In so doing, we rejected the trial court's belief that the absence of evidence tending to prove that the pills were dangerous drugs was irrelevant. *Id.* We stated as follows:

> By specifically charging the manner by which appellant was alleged to have corrupted the morals of these minors, the Commonwealth was required to prove that appellant did furnish them with dangerous drugs. The Commonwealth could have done so by direct or circumstantial evidence through analysis of the pills, testimony of the treating physician, hospital reports, or identification of the pills by a pharmacologist. Having failed to do so, the Commonwealth did not prove the offense as charged in the indictment, and appellant's motion in arrest of judgment should have been granted.

*Id.* Thus in *Lambert*, it was the absence of any evidence—direct or circumstantial—that warranted reversal. Moreover, placed in its proper context, our suggested list of possible evidence sufficient to establish that the defendant had supplied narcotics to the child was illustrative and not exhaustive.

Here, in responding to Crowley's motion, the Commonwealth made the following offer of proof:

> [THE COMMONWEALTH]: Your Honor, the Commonwealth plans to present testimony from Officer Bordt that he had smelled the substance and he has extensive training and knowledge as to what the substance is and that he had found it to be marijuana through his training and experience and the smelling of the substance.
>
> . . .
>
> [H]is training and experience comes, number one, through the police academy, and number two, through hundreds of different cases and instances where he's had to deal with it in the field. He's been an officer for five years and he's dealt with marijuana on countless occasions. The police academy goes through extensive training on this.

N.T. at 5.

This proffered testimony constitutes direct, admissible evidence that the items seized from the Mellinger's residence are or contain marijuana. In light of our well-established precedent, the trial court's decision to grant Crowley's motion *in limine*, precluding this testimony, was clearly erroneous. *See Williams*, 428 A.2d at 167. Accordingly, the court abused its discretion, and we reverse. *Belani*, 101 A.3d at 1160.

Order reversed; case remanded; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/24/2018