Commonwealth *v.* Goodyear, et al., Appellants.

Submitted March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert P. Anderman,* and *Anderman and Hughey,* for appellants.

*John G. Siegle* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 22, 1975:

Appellants contend that because the Commonwealth's evidence was insufficient to convict them on the charge of possession of marijuana with intent to deliver,[1] their

---

1.   April 14, 1972, P.L. 233, No. 64, §13, imd. eff., as amended 1972, Oct. 26, P.L. 1048, No. 263, §1, imd. eff., 35 P.S. §780-113 (a) (30).

convictions on the charges of conspiracy[2] and corrupting the morals of a minor[3] cannot be sustained.

On March 7, 1973, the Grand Jury of Delaware County returned three bills of indictment against appellants. The first charged appellants with a violation of The Controlled Substance, Drug, Device and Cosmetic Act. The second indictment charged appellants with the corruption of the morals of one William Hamill, but alleged no specific act of corruption. The third indictment charged appellants with conspiracy by virtue of their "(1) Knowing or intentional possession of controlled substances, possession with intent to deliver and distribution to persons under age 18; ... (2) Corrupting morals of children."

The Commonwealth's evidence consisted entirely of the testimony of nine-year-old William Hamill. The child stated that on January 5, 1973, he went to the appellants' residence where appellant-Gary Goodyear offered him a "puff" of something resembling a cigarette. Appellant-Thomas Goodyear was present at this time. William Hamill testified that the object consisted of white paper wrapped around a green substance, that he asked Gary Goodyear what the substance was and that Gary told him it was "pot." He also stated that while he was at the Goodyear residence appellant-Thomas Goodyear sold a zip-lock bag of the same substance to a person named Rich.

The trial court found appellants guilty of all three charges. Appellants filed motions in arrest of judgment and for a new trial on April 10, 1973. The court en banc arrested judgment on the conviction for violation of The Controlled Substances Act because the Commonwealth failed to prove that the substance which appellant-Gary

---

2. June 24, 1939, P.L. 872, §302, former 18 P.S. §4302.

3. June 24, 1939, P.L. 872, §532, added 1953, June 3, P.L. 277, §1 as amended 1961, July 25, P.L. 848, §1, former 18 P.S. §4532.

Goodyear gave William Hamill was in fact marijuana and that appellant-Thomas Goodyear actually sold marijuana. The court en banc, however, refused to grant a new trial or arrest judgment on the conspiracy and corruption charges. This appeal followed.

Appellants contend that the corruption and conspiracy convictions cannot be sustained because of the Commonwealth's failure to prove that the substance given William Hamill was in fact marijuana. Appellants attempt to analogize the instant case to *Commonwealth v. Lambert,* 226 Pa. Superior Ct. 41, 313 A. 2d 300 (1973), in which this Court held that if a defendant is charged in the indictment with corrupting the morals by a specific act, the failure of the Commonwealth to prove the corrupting act precludes conviction on the corruption charge. In *Lambert,* the appellant was indicted for corrupting the morals by furnishing dangerous drugs, but the Commonwealth was unable to prove that the pills appellant gave the minor were dangerous drugs. The Commonwealth's proof, therefore, did not "measure up to the charge made in the indictment." 226 Pa. Superior Ct. at 44, 313 A. 2d at 301, quoting *Commonwealth v. Aurick,* 342 Pa. 282, 291, 19 A. 2d 920 (1941). In the present case, appellants were indicted for corrupting the morals of William Hamill generally, and were not charged with corruption by furnishing marijuana. Thus, if the Commonwealth's proof was sufficient to support conviction of conspiracy to corrupt and corruption, the failure to prove the charge of possession of marijuana with intent to deliver is not fatal. While it may be true, as appellants contend, that the use of narcotics "was the entire thrust of the Commonwealth's case from beginning to end and indeed the only reason for the prosecution. . . .", the legality of the indictment charging corruption is not impaired.

Section 4532 of the 1939 Penal Code is extremely broad: "Whoever, being of the age of eighteen years and

upwards, by any act corrupts or *tends to corrupt* the morals of any child under the age of eighteen years, or who aids, abets, entices or encourages any such child in the commission of any crime . . . is guilty of a misdemeanor." (Emphasis added.) The record supports the lower court's conclusions that William Hamill knew that "pot" was marijuana and that he believed Gary Goodyear offered him a marijuana cigarette. The court held, therefore, that despite the Commonwealth's failure to prove that the substance was in fact marijuana, appellant-Gary Goodyear's telling a nine-year-old that he was being given marijuana was conduct tending to corrupt.[4] See, e.g., *Commonwealth v. Meszaros,* 194 Pa. Superior Ct. 462, 465, 168 A. 2d 781 (1961). Under the unique facts presented by this case, the holding of the court below is correct, and the conviction of Gary Goodyear on the charge of corrupting the morals of a minor is affirmed.

In its opinion, the lower court states that "[t]he facts here show that these Defendants committed independent acts that would 'tend to corrupt' . . ." This conclusion is not supported by the record. The only evidence implicating Thomas Goodyear is the fact that he was present when his brother Gary told William Hamill to smoke some "pot." There is no evidence, other than mere presence, which indicates that Thomas Goodyear participated in the corruption of William Hamill's morals, and mere

---

4. As an alternative ground for its holding, the court below noted that the Act of June 24, 1939, P.L. 872, §§647 and 648, former 18 P.S. §4647 and 18 P.S. §4648, make it a crime to furnish tobacco to minors, and to furnish cigarettes or cigarette paper to minors. These statutes cannot serve as a basis for conviction on the corruption charge because the Commonwealth's own proof completely negates the possibility that appellants violated these provisions. William Hamill testified that the substance he smoked was definitely not tobacco. Furthermore, as used in §4648, "cigarette" must mean a tobacco cigarette. See Cigarette Tax Act, 1970, July 22, P.L. 513, No. 178, art. I, §101 et seq., 72 P.S. §3169.102(3).

presence is insufficient to convict. See *Commonwealth v. Garrett,* 423 Pa. 8, 222 A. 2d 902 (1966). Therefore, unless the record supports a finding of conspiracy, Thomas Goodyear's conviction on the charge of corruption must be reversed, and the sentences imposed on both appellants on the charge of conspiracy must be reversed.

The definition of conspiracy was set forth in *Commonwealth v. Schwartz,* 210 Pa. Superior Ct. 360, 380-381, 233 A. 2d 904 (1967), affirmed by an equally divided court, 432 Pa. 522, 248 A. 2d 506 (1968), cert. denied 398 U.S. 957: "The conspiracy is the agreement, combination or common understanding, to do an unlawful act, or to do or commit a lawful act in an unlawful manner: *Com. v. Rosen,* 141 Pa. Superior Ct. 272, 14 A. 2d 833. The heart of the offense is the common understanding, no matter how it came into being: *Com. v. Yobbagy,* 410 Pa. 172, 188 A. 2d 750; *Com. v. Neff,* 407 Pa. 1, 179 A. 2d 630.

" '. . . evidence to sustain a charge of conspiracy must be "such as reasonably and naturally justifies an inference of guilt of the accused and is of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt. . . . A conviction will not be allowed to stand if it is based solely upon suspicions and conjectures." ' *Com. v. Yobbagy,* 410 Pa. 172, 176, 177, 188 A. 2d 750; *Com. v. Evans,* 190 Pa. Superior Ct. 179, 201, 154 A. 2d 57." The Commonwealth's proof in the present case is totally devoid of any evidence of agreement. There is no evidence, other than mere presence, which implicates Thomas Goodyear in the corruption of William Hamill's morals, and there is no evidence on which to base an inference that the brothers had agreed to commit an unlawful act. The conspiracy convictions of both appellants were based on no more than mere conjecture and cannot be allowed to stand.

The judgments of sentence imposed on appellant-Thomas Goodyear on both the conspiracy and corrupting charges are reversed, and appellant-Thomas Goodyear is ordered discharged. The judgment of sentence imposed on appellant-Gary Goodyear on the charge of conspiracy is reversed. The judgment of sentence imposed on appellant-Gary Goodyear on the charge of corrupting is vacated, and the case is remanded to the lower court for re-sentencing only, in accordance with *Commonwealth v. Lockhart,* 223 Pa. Superior Ct. 60, 296 A. 2d 883 (1972).