## Commonwealth v. Penrith

*James E. Davis, District Attorney,* for Commonwealth.

*Gerald C. Grimaud,* for defendant.

GARDNER, *P.J.*, July 7, 1979—This matter arises on defendant's omnibus motion for pretrial relief[1] under Pa.R.Crim.P. 306, contending that the information charging corruption of minors, Crimes Code, 18 C.P.S.A. §3125,[2] should be quashed in that the charge should have been brought under section 4-493 of the Liquor Code of April 12, 1951, P.L. 90, art. IV, sec. 493, as amended, 47 P.S. §4-493.[3]

No testimony was taken, defendant relying upon the testimony alleged to have been received at the preliminary hearing to the effect that defendant aided his wife in obtaining beer and giving it to persons under the age of 18 years.

Whether what defendant asserts is the entire conduct of which the Commonwealth complains is, of course, unknown to this court. However, we will decide this matter as if such is the ambit of the charge. We disagree with defendant and will not quash the information.

The language of the Crimes Code concerning corruption of minors is admittedly general and the

---

1. In the omnibus motion, defendant attacked the identification testimony, but this contention has since been withdrawn.

2. "Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any child under the age of 18 years, or who aids, abets, entices or encourages any such child in the commission of any crime, or who knowingly assists or encourages such child in violating his or her parole or any order of court, is guilty of a misdemeanor of the second degree."

3. "It shall be unlawful— . . . (1) For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, . . . to any minor. . . . "

Liquor Code provision, which defendant argues is the appropriate charge, more specific. However, even though defendant's selection may describe his asserted conduct with more particularity, it does not preclude prosecution under the Crimes Code as charged if each statute requires proof of an element not required by the other: Com. v. Bellis, 252 Pa. Superior Ct. 15, 380 A. 2d 1258 (1977).[4]

Defendant urges us that the elements of each statutory provision are the same, arguing that the words "or other person" in the Liquor Code provision means "adult." We are not of this opinion. The ejusdem generis argument made by defendant was, in our opinion, rejected in Com. v. Randall, 183 Pa. Superior Ct. 603, 133 A. 2d 276 (1957).

We believe the district attorney is correct that the differentiation between the two statutory provisions is in the element of culpability.

The Crimes Code provision of corruption of minors is subject to the minimum requirements of section 302(a) of the Crimes Code which provides that a "person is not guilty of an offense unless he acted intentionally, knowingly, recklessly, or negligently."

No such requirement applies to the cited provisions of the Liquor Code which is an exercise of the police power, wherein the Legislature did not make a mens rea requirement. See Com. v. Koczwara, 188 Pa. Superior Ct. 153, 146 A. 2d 306 (1958), and Com. v. Goodyear, 235 Pa. Superior Ct. 544, 344 A. 2d 672 (1975).

---

4. We are not unmindful of the fact that Com. v. Bellis, supra, involves code provisions under The Penal Code of 1939. The instant case involves the Crimes Code presently in existence, but because the provision with reference to corruption of minors is, as far as this case is concerned, identical to a similar provision in the 1939 code, we feel that Bellis is precedent.

We conclude that the charge filed in this case involves an element not required by the Liquor Code provisions suggested by defendant. Under the rule of Bellis, supra, if both could, therefore, be prosecuted, certainly either could.

We are of the opinion that defendant's additional arguments go to the sufficiency of evidence and are premature.

## ORDER

And now, July 7, 1979, for the reasons set forth in the opinion of even date in the above-captioned matter, it is ordered that defendant's omnibus motion for pretrial relief be and the same is hereby denied.