428 A.2d 165

**COMMONWEALTH of Pennsylvania,**

v.

**Danny Boy WILLIAMS a/k/a Daniel B. Williams, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1980.

Filed April 3, 1981.

516

John H. Corbett, Jr., Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, HOFFMAN and VAN der VOORT, JJ.

CAVANAUGH, Judge:

Regina Kail, a fifteen year old female, was placed in the McIntyre Shelter in Pittsburgh on September 28, 1978 by order of the Juvenile Court of Allegheny County. On that same night she left the shelter with Teresa Montgomery, a seventeen year old female and both girls went to McKees-

port, Pennsylvania, where they spent the night. On the morning of September 29, the two young women went to the appellant's house where they stayed for about four days. Miss Kail did not know the appellant, but he was a friend of Miss Montgomery. The girls told appellant that they had run away from McIntyre Shelter. On the first night that they were in appellant's house two friends of appellant's arrived and smoked marijuana. On the second night appellant was at the house and a group of approximately eight or nine of his friends came to visit, including individuals identified as Greg, Smitty and Chubby. Miss Kail observed the appellant, Smitty and Greg measuring and mixing a solution containing a white powder in a bottle cap. After burning the solution some of those present including the appellant, injected it into their arms with a hypodermic needle. Smitty asked Miss Kail if she wanted to participate in the activity and she stated that she did not. He later returned and again she told him that she did not want to participate. He then tied his belt around her arm and crushed an orange pill and mixed it with a liquid in a small prescription bottle. He filled a hypodermic needle with the substance and injected it into her arm. This was at approximately 10:30 at night and about 3 o'clock in the morning he injected the same substance in her arm. At 7 o'clock in the morning the appellant injected a substance into Miss Kail's arm which had been prepared from a white powder. The witness testified that the substances were injected into her veins and were identified by someone in the group as speed, although she was not sure if appellant told her it was speed. Speed is the street name applied to amphetamines.

As the result of the injections Miss Kail felt exhilarated. They also caused her to have a strong desire for sex and she had sexual intercourse with Smitty. Initially, the injection made her feel very much awake. However, after the third and last injection Miss Kail felt extremely depressed. Late that night she became scared and left appellant's residence with Chubby. She went to the home of an individual who

lived about a block from the appellant's residence. Miss Kail then called her parents and the police came and took her to McKeesport Hospital.

Appellant was charged with corrupting a minor "by exposing the victim to the use of narcotic drugs."[1] At trial, prior to the jury being impaneled the information was amended with the court's approval to add that appellant exposed the victim to the use of narcotic drugs "by injecting into her a substance identified by the actor as speed."[2]

The initial information charged the appellant with corrupting the morals of a minor by specific conduct, namely by exposing her to the use of narcotic drugs. Apparently the district attorney was concerned that he would have difficulty in proving that the minor was exposed to a narcotic drug. The district attorney stated "We cannot prove by chemical analysis that it was a narcotic substance, but we can prove the defendant [appellant herein] gave the victim a substance and told her it was a narcotic substance and by that act corrupted." By adding the qualifying phrase "by injecting into her a substance identified by the actor as speed", the district attorney hoped not to have to prove that the victim was in fact exposed to the use of narcotic drugs but that he would only have to prove that she was told that the substance given to her was a narcotic drug.

We find that this case is controlled by *Commonwealth v. Lambert*, 226 Pa.Super. 41, 313 A.2d 300 (1973) which held, in an opinion by Hoffman, J., that if the indictment charges corruption of morals by furnishing dangerous drugs the Commonwealth must prove that dangerous drugs were in fact furnished. In the *Lambert* case the defendant was charged with corrupting the morals of a minor " 'in that he

1. Appellant was also charged with corruption of a minor by assisting or encouraging Regina Kail to violate her parole in violation of Sec. 3125 of the Pennsylvania Crimes Code, Act of December 6, 1972, No. 1482, 18 Pa.C.S.A. § 3125. He was found not guilty of this charge.

2. The original information also stated "and providing her with marijuana" and this part of the information was deleted.

did furnish dangerous drugs to said minors' ".  226 Pa.Super. at 43, 313 A.2d at 300.

This court stated at 226 Pa.Super. at 44, 313 A.2d at 301:

The appellant was not charged with generally corrupting the morals of a minor, but with specifically corrupting the morals by furnishing dangerous drugs.

. . . . .

"By specifically charging the manner in which appellant was alleged to have corrupted the morals of these minors, the Commonwealth was required to prove that appellant did furnish them with dangerous drugs."

The issue before us is whether the Commonwealth removed from itself the burden of proving that the victim was in fact exposed to a narcotic drug by adding an additional clause to the information "by injecting into her a substance identified by the actor as speed".  We believe that it did not. Once the amendment was made the court below treated the information as charging that the corruption consisted of injecting a substance identified as speed into the arm of Regina Kail, a minor.

The court charged the jury, in part, over the objection of the appellant as follows:

"The one count [the information now before this court for review] one by the act, the defendant by an act, that is by providing a substance for injection identified as speed into the arm of Regina Kail, a minor, has corrupted or tended to corrupt her morals.

. . . . .

Now, with reference to the injection into the arm of this lady, we instruct you as follows, that if you find Regina Kail was given or administered a substance by the defendant, and that she believed the substance to be a narcotic or dangerous drug, you may find the defendant guilty of corrupting the morals of a minor, in the first count, which that relates to, *even though you are not convinced beyond*

*a reasonable doubt that the substance was in fact a dangerous drug".* (Emphasis added)

With respect to this part of the charge, the court stated: "Defense counsel has objected to that charge, that specific charge. We have overruled the objection in view of our reading of the *Commonwealth v. Goodyear*, 235 Pa.Super. 544, 344 A.2d 672. We may be wrong, but nevertheless are overruling the objection and we will so charge and note an exception to the defendant".

In its opinion the court below stated: "The belief of the victim as to the nature of the substance tendered is supportive of 'corrupting charge' and, accordingly, our charge is a proper one." In its opinion the court below continued its reliance on *Commonwealth v. Goodyear*, 235 Pa.Super. 544, 344 A.2d 672 (1975). In that case the defendant was charged with corrupting the morals of a minor and other charges. The defendant offered the minor a "puff" on something resembling a cigarette and told him it was "pot". This court held that although the Commonwealth failed to prove the substance was in fact marijuana the act of telling a nine year old that he was being given marijuana was conduct tending to corrupt. The opinion in the *Goodyear* case which was also by Judge Hoffman clearly pointed out that in *Goodyear* the charge was corruption of the morals of a minor and the indictment did not set forth the specific manner in which the morals of a minor were corrupted. In *Goodyear* the court stated:

Appellants attempt to analogize the instant case to *Commonwealth v. Lambert*, 226 Pa.Super. 41, 313 A.2d 300 (1973) in which this Court held that if a defendant is charged in the indictment with corrupting the morals by a specific act, the failure of the Commonwealth to prove the corrupting act precludes conviction on the corrupting charge. In *Lambert*, the appellant was indicted for corrupting the morals by furnishing dangerous drugs, but the Commonwealth was unable to prove that the pills appellant gave the minor were dangerous drugs. The Commonwealth's proof, therefore, did not 'measure up to the

charge made in the indictment.' ... In the present case, appellants were indicted for corrupting the morals of William Hamill generally and were not charged with corruption by furnishing marijuana.

235 Pa.Super. at 547, 344 A.2d at 673, 674.

█  Apparently in this case the district attorney believed that he could not prove that the victim was exposed to the use of narcotic drugs as he had no chemical analysis of the substance in question.  The existence of narcotic drugs does not have to be proved by chemical analysis and may be proved either by direct or circumstantial evidence.

However, in this case the court instructed the jury that it did not have to be convinced beyond a reasonable doubt that the substance was in fact a dangerous drug.  We also note that in the amended information it was alleged that the appellant identified the substance as speed.  In its charge to the jury the court instructed it that it could find the appellant guilty if it found that Regina Kail was given or administered a substance by the defendant which she believed to be a narcotic or dangerous drug.  The instruction in this respect did not conform to the amended information.  While this is not our primary reason for ordering a new trial, it is a further error by the court below.

█  We conclude that the Commonwealth must prove that the victim in this case was exposed to the use of narcotic drugs.  Since the court erred in its instructions to the jury in this respect a new trial must be ordered.

It appears that the evidence in this case was sufficient to sustain a conviction for corruption of the morals of a minor generally.  The Commonwealth might have avoided the problems in this case by having more carefully drafted the information.

Judgment of sentence reversed and case remanded for new trial.