J-A05035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONTAE R. DOWNES, | |
| Appellant | No. 898 EDA 2015 |

Appeal from the Judgment of Sentence November 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010315-2013

BEFORE:  OLSON, J., OTT, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after the court, sitting as finder of fact in Appellant's bench trial, convicted him of Robbery, graded as a felony of the first degree, 18 Pa.C.S. § 3701, Conspiracy to Commit Robbery, 18 Pa.C.s. § 903, Theft by Unlawful Taking, 18 Pa.C.S. § 3921, Simple Assault, 18 Pa.C.S. § 2701, Possessing an Instrument of Crime ("PIC"), Generally, 18 Pa.C.S. § 907, and Possession of a Small Amount of Marijuana, 35 P.S. § 780-113(a)(31).  Sentenced to an aggregate sentence of three to six years' incarceration for his robbery, conspiracy, and PIC offenses,[1] Appellant now

_____

[1] No further penalties were imposed on the remaining charges.

*Former Justice specially assigned to the Superior Court.

challenges the sufficiency of evidence offered to support his convictions. We affirm.

The trial court provides the following apt factual and procedural history of the case:

> On July 29, 2013, Dr. Hussanifat Habiburrahman and Abdul Khaleque were working inside the Discount Plus variety store located at 5135 Chestnut Street in Philadelphia. Between 10:00 and 10:30 a.m., two men entered the store and looked at the items for sale for approximately one-half hour. N.T. [9/4/14 at] 14. As the two men walked around the store they examined the merchandise together and separately and were observed speaking to one another. N.T. at 14-15. Eventually, the taller of the two men, who[m] the doctor identified as Appellant, purchased approximately $30.00 in merchandise and exited the store. N.T. at 14-15, 20. Once outside, Appellant began examining items that were displayed on tables situated outside the store. N.T. 14-15, 20. After [Appellant] made his purchase, the shorter man[, co-defendant,] made a purchase from Abdul Khaleque. During the transaction, the shorter male and Khaleque had a discussion that evolved into an argument about [how much money had been tendered for the purchase]. N.T. at 14-15. Dr. Habiburrahman went outside for a short time to watch Appellant[, who was looking at merchandise on an outdoor display,] while the [co-defendant] and Khaleque continued to argue. N.T. at 16-17.
>
> When the doctor reentered the store, the [co-defendant] removed a pistol from his waistband and place[d] cartridges inside it. The doctor told Khaleque [in Bengali] to give the [co-defendant] the money or he would be killed. N.T. at 17.
>
> ***
> [At the same time,] Appellant, who was outside the store, re-entered the premises and took up a position near his co-defendant, a position from which he had a clear view of what was occurring. When his co-defendant pointed the gun at Mr. Khaleque, Appellant moved behind the counter, standing next to Mr. Khaleque as he handed the co-defendant money. N.T. at 48-58.

- 2 -

When his co-defendant left the store, Appellant accompanied him after which both men went to a nearby store where they were arrested. At the time of the arrest, Appellant had a weapon similar to the one used by his co-defendant to commit the robbery[] [and possessed $129.00 and five plastic baggies with a "green weed and seed substance" the police officer "believed to be marijuana." N.T. at 34. Officers arrested co-defendant in a dressing room where he was attempting to hide his firearm. N.T. at 41-43.].

\*\*\*

On September 4, 2014, following a waiver trial, Appellant was found guilty of Robbery, graded as a felony of the first degree, 18 Pa.C.S. § 3701, Conspiracy to Commit Robbery, 18 Pa.C.s. § 903, Theft by Unlawful Taking, 18 Pa.C.S. § 3921, Simple Assault, 18 Pa.C.S. § 2701, Possessing an Instrument of Crime, Generally, 18 Pa.C.S. § 907, and Possession of a Small Amount of Marijuana, 35 P.S. § 780-113(a)(31). On November 7, 2014, [the trial court] imposed an aggregate sentence of three to six years['] incarceration followed by six years' probation.

Trial Court Opinion, filed June 24, 2015, at 2, 6, and 1. This timely appeal followed.

Appellant presents the following three questions for our review:

1. Was not the evidence insufficient to convict appellant of conspiracy to commit robbery where the Commonwealth failed to establish that appellant intended to facilitate or promote the commission of the robbery and that appellant was a party to an agreement to commit the robbery?

2. Was not the evidence insufficient to convict appellant of robbery, theft, simple assault, and possession of instrument of crime under a theory of accomplice liability where the Commonwealth failed to prove that appellant intended to facilitate or promote the commission of the crimes, and that appellant either aided or agreed or attempted to aid the co-defendant in planning or committing the crimes?

- 3 -

3. Was not the evidence insufficient to convict appellant of possession of a small amount of marijuana where the Commonwealth failed to prove that the substance he possessed was marijuana?

Appellant's brief at 3.

Our standard of review for challenges to the sufficiency of the evidence is well-settled.

We must determine whether the evidence admitted at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, supports all of the elements of the offense beyond a reasonable doubt. In making this determination, we consider both direct and circumstantial evidence, cognizant that circumstantial evidence alone can be sufficient to prove every element of an offense. We may not substitute our own judgment for the jury's, as it is the fact finder's province to weigh the evidence, determine the credibility of witnesses, and believe all, part, or none of the evidence submitted.

*Commonwealth v. Cooper*, 941 A.2d 655, 662 (Pa. 2007).

Appellant first challenges the sufficiency of evidence to prove he conspired with, or was an accomplice to, Co-Defendant in carrying out the crimes perpetrated in the Discount Plus variety store. He argues he was merely present at the store when Co-Defendant "spontaneously" pulled a gun from his waistband and decided to transform a dispute into a robbery. Appellant's brief at 9. Neither testimonial evidence nor the Discount Plus security video of the robbery allow for the inference that Appellant either agreed to commit or aided in the robbery or that he shared Co-Defendant's intent in so doing, he maintains. We disagree.

The Pennsylvania Crimes Code defines conspiracy as follows:

A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a). This requires proof that: 1) the defendant entered into an agreement with another to commit or aid in the commission of a crime; 2) he shared the criminal intent with that other person; and 3) an overt act was committed in furtherance of the conspiracy. **Commonwealth v. Devine**, 26 A.3d 1139, 1147 (Pa.Super. 2011). "This overt act need not be committed by the defendant; it need only be committed by a co-conspirator." **Commonwealth v. Murphy**, 795 A.2d 1025, 1038 (Pa.Super. 2002) (citation omitted).

The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy.

- 5 -

> **Commonwealth v. McCall**, 911 A.2d 992, 996–97 (Pa.Super. 2006) (citation omitted).[2]

An accomplice is also legally accountable for the conduct of the other person involved in committing the crimes. 18 Pa.C.S.A. § 306(b)(3). The Crimes Code defines an accomplice as follows:

> A person is an accomplice of another person in the commission of an offense if:
>
> (1) with the intent of promoting or facilitating the commission of the offense, he:
>   (i) solicits such other person to commit it; or
>   (ii) aids or agrees or attempts to aid such other person in planning or committing it; or
>
> (2) his conduct is expressly declared by law to establish his complicity.

18 Pa.C.S.A. § 306(c). "Both requirements may be established wholly by circumstantial evidence. Only the least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice. No agreement is required, only aid." **Commonwealth v. Kimbrough**, 872 A.2d 1244, 1251 (Pa.Super. 2005) (*en banc* ) (citations and quotations omitted). "[P]roof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities." **Id.** at 1253–54 (citation omitted).

> To establish complicity, mere presence at the scene of a crime and knowledge of the commission of criminal acts is not sufficient. Nor is flight from the scene of a crime, without more, enough. However, those factors combined, along with other direct or

---

[2] See also **Commonwealth v. French**, 578 A.2d 1292, 1311 (Pa. Super. 1990) (Wieand, Concurring) ("An agreement to engage in illegal activity may be tacit; it requires no extended period of time but can be formed almost instantaneously.").

> circumstantial evidence may provide a sufficient basis for a conviction, provided the conviction is predicated upon more than mere suspicion or conjecture.

> **Commonwealth v. Rosetti**, 469 A.2d 1121, 1123 (Pa.Super. 1983) (citations omitted).

**Commonwealth v. Knox**, 50 A.3d 749, 755-56 (Pa.Super. 2012), **aff'd but criticized on other grounds**, 105 A.3d 1194 (Pa. 2014).

The trial court, acting as finder of fact, reasonably inferred from the evidence a tacit agreement between Appellant and Co-Defendant to commit robbery and related offenses at the Discount Plus store. Appellant and Co-Defendant, both carrying firearms, had spent one half-hour together in the store before Co-Defendant pulled a gun on the cashier, Mr. Khaleque. Appellant immediately joined Co-Defendant by positioning himself behind the counter where Mr. Khaleque stood, adding to the intimidation of Mr. Khaleque. When Mr. Khaleque turned over the money as Co-Defendant demanded, both men left the store together and remained together until authorities arrested them in a nearby sneaker store.

The totality of this evidence, therefore, belies Appellant's claim that he was simply a companion of Co-Defendant's who was merely present and unaware of Co-Defendant's criminal intent when the robbery occurred. Rather, his obvious relationship with Co-Defendant and his immediate participation in the commission of the crime evinced a common understanding between the two that they would work together in robbing the store. It was reasonable for the finder of fact to conclude that Appellant

and Co-Defendant had tacitly agreed to act in concert in robbing the Discount Plus store. Accordingly, we find the evidence sufficed to support the Commonwealth's case against Appellant for conspirator and accomplice liability.

In his final issue, Appellant contends evidence was insufficient to convict him of possession of a small amount of marijuana where the Commonwealth never established the identity of the substance he possessed through chemical analysis. At trial, evidence directly addressing the issue of drug identification consisted solely of the arresting officer testifying "I recovered five clear Ziploc plastic baggies with a green weed and seed substance I believed to be marijuana." N.T. at 34.

In support of the conviction, the trial court correctly recites precedent that it is "well-established in this Commonwealth that the identity of illegal narcotic substances may be established by circumstantial evidence alone, without any chemical analysis of the seized contraband." *Commonwealth v. Minott*, 577 A.2d 928, 932 (Pa.Super. 1990). *Minott*, the trial court explicates, did not limit the fact-finding function relating to drug identification to a strict scientific analysis, but instead acknowledged "the use of common sense and reasonable inferences in the determination of the identity of substances" *Id.* The trial court also relies on several other decisions upholding convictions for possession of controlled substances absent laboratory seizure analyses or any test at all on the substance. *See*, *e.g.*, *Commonwealth v. Stasiak*, 451 A.2d 520 (Pa.Super. 1982);

- 8 -

*Commonwealth v. Williams*, 428 A.2d 165 (Pa.Super. 1981). *See generally Commonwealth v. Boyd*, 763 A.2d 421, 424 (Pa.Super. 2000) (collecting cases) (recognizing "the Commonwealth may rely on circumstantial evidence to prove the identity of the fluid or material").

Appellant, however, attempts to distinguish such cases on their facts. *Minott*, he argues, held results from chemical testing of two of fifty packets of suspected drugs seized could serve to establish the chemical composition of the other 48 packets. In *Stasiak*, the court held the identity of pills contained in unopened, labeled bottles in defendant's possession could be reasonably inferred where arrest occurred just four minutes after defendant's burglary of a drug store. In *Boyd*, we held that sufficient circumstantial evidence as to the identity of a cup of liquid thrown on a prison guard was sufficient to obviate the need for chemical analysis. The prisoner threatened to throw urine on the guard earlier that day, stated it would be "[feces] next time" as he threw the liquid, and the guard testified the liquid was warm, yellow, and smelled like urine. Compared with this line of authority, Appellant posits, the officer's belief based merely on the appearance of the substance fell well short of establishing Appellant's possession of marijuana beyond a reasonable doubt.

To sustain a conviction for possession of a small amount of marijuana, the Commonwealth must prove that defendant had knowing or intentional possession of an amount of marijuana less than 30 grams. 35 Pa.C.S. § 780-113(a)(31). As noted supra, a trained police officer's observations, by

- 9 -

themselves, can establish the identity of drugs such as marijuana and support a conviction. ***Minott***, ***supra*** (citing ***Stasiak***, ***supra***); ***Commonwealth v. Leskovic****,* 307 A.2d 357 (Pa. Super. 1973) (same).

Here, Officer Ronald Jackson of the Philadelphia Police Department was conducting a pat down of Appellant when he discovered what he would later describe at trial as a "green weed and seed substance [he] believed to be marijuana[]" concealed in Appellant's right front pants pocket. N.T. at 34. Neither the officer's reliance on his professional experience to identify marijuana nor his discerning description of the substance he observed in Appellant's possession was contested at trial. Moreover, circumstances informing the officer's opinion were not limited to the physical appearance of the substance itself, as he also observed the substance had been divided and packaged in five clear Ziploc baggies and was carried alongside $129 cash and a loaded firearm in Appellant's possession, circumstances associated with the intent to deliver a controlled substance. ***Commonwealth v. Hutchinson***, 947 A.2d 800 (Pa.Super. 2008) (recognizing factors suggesting possession with intent to deliver a controlled substance include possession of a loaded handgun, packaging, and quantity of U.S. currency). Such circumstantial evidence sufficed to support Appellant's conviction for a small amount of marijuana.

Judgment of sentence is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/9/2016</u>