J-S47030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :    PENNSYLVANIA
   :
v.    :
   :
   :
   :
TYSHAWN MALIK BOWERY    :
   :
Appellant    :    No. 646 MDA 2020

Appeal from the Judgment of Sentence Entered March 4, 2020
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001661-2018

BEFORE:    STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:      **FILED JANUARY 25, 2021**

Appellant Tyshawn Malik Bowery appeals from the judgment of sentence imposed following his convictions for conspiracy to deliver a controlled substance, delivery of a controlled substance, possession with intent to deliver a controlled substance, and possession of a controlled substance.[1] Appellant argues that the Commonwealth failed to prove that the item possessed and sold by Appellant was a controlled substance. We affirm.

Briefly, Appellant was arrested and charged with the aforementioned offenses after two undercover narcotics officers, Detective Michael Caschera and Detective Tyson Havens, facilitated and observed a hand-to-hand transaction between Appellant and an informant, Reginald Bird. On

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 903, 35 P.S. §§ 780-113(a)(1), (a)(30), and (a)(16), respectively.

September 26, 2019, the matter proceeded to a jury trial. The trial court

summarized the Commonwealth's trial evidence as follows:

> During his opening statement, the attorney for the Commonwealth indicated that there was a stipulation between the parties regarding the identification of the controlled substance. During its case-in-chief, however, the Commonwealth failed to introduce evidence of the alleged stipulation or present evidence from an expert who had tested the substance. . . .
>
> * * *
>
> [The Commonwealth's case-in-chief] contain[ed] several uncontradicted statements concerning the substance alleged to be crack cocaine. Detective Caschera and Detective Havens asked Mr. Bird, an "unwitting"[2] informant, to buy them $100 worth of heroin and $100 worth of cocaine. Detective Havens had been previously investigating numerous people as it related to heroin and Detective Caschera was brought into the operation for the sole purpose of purchasing crack cocaine. Mr. Bird testified that, on August 7, 2018, he drove both detectives to the corner of Memorial and Maple Streets for the specific purpose of purchasing crack cocaine, that he in fact did purchase crack cocaine, and that he gave the cocaine to Detective Caschera. Detective Caschera even showed the jury the cocaine that was handed to him by the informant on August 7, 2018.

Trial Ct. Op. & Order, 3/30/20, at 1 (some formatting altered).

Ultimately, the jury found Appellant guilty on all charges. At the

sentencing hearing on March 4, 2020, Appellant moved for a judgment of

acquittal, arguing that the Commonwealth failed to prove that the material

contained in the baggies was a controlled substance. The trial court denied

---

[2] The trial testimony established that Mr. Bird did not know that Detective Haven or Detective Caschera were undercover narcotics officers at the time of the transaction with Appellant.

Appellant's motion and sentenced Appellant to nine to twenty-four months, minus one day, of incarceration. *See* Sentencing Order, 3/4/20, at 1.

Appellant filed a timely post-sentence motion, which the trial court denied. The trial court issued an opinion explaining the reasons for its decision. *See* Trial Ct. Op. & Order at 5-6.

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion adopting the analysis set forth in its order denying Appellant's post-sentence motion. *See* Trial Ct. Op., 6/2/20, at 1-2.

On appeal, Appellant raises the following issue for review:

> Did the trial court err in denying Appellant's post-verdict and post-sentence motions to dismiss based on the insufficiency of the evidence when the Commonwealth failed to present evidence that the substance possessed by Appellant was a controlled substance?

Appellant's Brief at 4 (full capitalization omitted).

Appellant argues that "the evidence was insufficient to support a guilty verdict because all four of the alleged offenses involved controlled substances, but the Commonwealth failed to present any evidence as to the existence of a controlled substance." *Id.* at 11. Appellant contends that "[a]lthough proof of a controlled substance can be established using circumstantial evidence in lieu of a chemical analysis . . . even circumstantial evidence is lacking in [this] case." *Id.* at 13. Appellant asserts that "[i]n terms of evidentiary detail and probative value, the case here stands in stark contrast to those cases where circumstantial evidence was deemed sufficient to prove the existence of a

controlled substance." *Id.* Appellant argues that "[u]nlike [***Commonwealth v.***] ***Stasiak*** [451 A.2d 520, 524 (Pa. Super. 1982)] and [***Commonwealth v.***] ***Leskovic***, [307 A.2d 357, 358 (Pa. Super. 1973)], where it was quite obvious that the substances in question were drugs based on extremely detailed and probative circumstantial evidence, there is a complete lack of comparable circumstantial evidence" in this case. *Id.* Appellant contends that with "regard to the identity of the substance allegedly possessed by [Appellant], the only thing actually established at trial was that the detectives and their unwitting informant obtained two bags containing rocks." *Id.* Further, Appellant asserts that "[a]lthough the witnesses referred to the substance as 'crack cocaine' (and 'suspected crack cocaine'), there was otherwise insufficient evidence from which the jurors could reasonably infer on their own that the substance was illicit." *Id.*

The Commonwealth responds that "[c]ommon sense and reasonable inferences of the uncontradicted evidence . . . was more than sufficient to establish that the crack-cocaine purchased from Appellant was in fact a controlled substance." Commonwealth's Brief at 14. The Commonwealth argues that, contrary to Appellant's assertion, "the evidence presented here is much more than that which was presented in ***Leskovic***," where the Commonwealth "sustained its burden without the controlled substance being introduced as evidence and merely introduced the testimony of witnesses who provided a description of what was alleged to be a controlled substance." *Id.* Here, the Commonwealth asserts that it not only presented direct testimony

from three witnesses "who observed the crack-cocaine that day," but also presented the "actual drugs themselves" to the jury and admitted them as an exhibit at trial. *Id.* at 11. Therefore, the Commonwealth concludes that Appellant is not entitled to relief. *Id.* at 14.

Our well-settled standard of review is as follows:

To determine the legal sufficiency of evidence supporting a jury's verdict of guilty, this Court must view the evidence in the light most favorable to the Commonwealth, which has won the verdict, and draw all reasonable inferences in its favor. We then determine whether the evidence is sufficient to permit a jury to determine that each and every element of the crimes charged has been established beyond a reasonable doubt. It is the function of the jury to pass upon the credibility of the witnesses and to determine the weight to be accorded the evidence produced. The jury is free to believe all, part or none of the evidence introduced at trial. The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence, but the question of any doubt is for the jury unless the evidence be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Hoffman*, 198 A.3d 1112, 1118 (Pa. Super. 2018) (citation omitted).

In drug possession cases, the Commonwealth must prove that a defendant knowingly or intentionally possessed a controlled substance. *See* 35 P.S. § 780-113(a)(16). However, it is well settled "the existence of narcotic drugs does not have to be prove[n] by chemical analysis and may be prove[n] either by direct or circumstantial evidence." *Commonwealth v. Williams*, 428 A.2d 165, 167 (Pa. Super. 1981). Indeed, this Court has explained that

the identity of illegal narcotic substances may be established by circumstantial evidence alone, without any chemical analysis of

the seized contraband. Such a policy indicates that the courts will not, in cases involving the sale or use of illegal drugs, constrict their fact-finding function in regard to the identity of drugs to a strict scientific analysis, but will rather permit the use of common sense and reasonable inferences in the determination of the identity of such substances.

*Commonwealth v. Minott*, 577 A.2d 928, 932 (Pa. Super. 1990) (citations omitted); *see also Stasiak*, 451 A.2d at 525 (concluding that, although there was no chemical analysis of the prescription drugs possessed by the appellant, the "fact-finder could reasonably infer that these bottles still contained the drugs which were indicated on the labels"); *see also Leskovic*, 307 A.2d at 358 (finding that, even without chemical analysis, there was sufficient evidence to establish the identity of the controlled substance based on witness testimony that the "appellants sold them a drug or capsule called 'Christmas trees,'" along with evidence that the capsules were green in color and bore the name of a particular barbiturate).

Here, the trial court concluded that there was sufficient evidence to establish that Appellant possessed a controlled substance based on testimony from Detective Caschera, Detective Havens, and Mr. Bird. *See* Trial Ct. Op. & Order at 5-6. Further, the trial court explained that

[t]he record is entirely devoid of any evidence disputing that the substance sold by [Appellant] was in fact crack cocaine. All of the Commonwealth's witnesses, including Mr. Bird and both Detectives, believed that the substance was crack cocaine. [Appellant] did not offer any evidence or testimony to dispute the substance was crack cocaine. Nor did [Appellant] argue to the jury that the Commonwealth had failed to prove the substance was in fact a controlled substance. Therefore, based upon the circumstantial evidence presented at trial, the jury could have

- 6 -

reasonably concluded that the substance was in fact a controlled substance, in particular, crack cocaine.

*Id.*

Based on our review of the record, and in viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court that the Commonwealth presented sufficient evidence to establish that Appellant possessed a controlled substance. *See Hoffman*, 198 A.3d at 1118. As noted by the trial court, both detectives testified that they observed the hand-to-hand transaction between Appellant and Mr. Bird, which was the result of an undercover operation to obtain $100 worth of crack cocaine. *See* N.T. Trial, 9/26/19, at 12-26, 28-31. Detective Caschera explained that, based on his training and experience in narcotics investigations, he recognized the exchange as an illegal drug transaction. *Id.* at 28. Further, the Commonwealth presented the substance sold by Appellant to the jury, which Detective Caschera described to the jury as "a small plastic tied off bag containing crack cocaine." *Id.* at 30; *see also* Commonwealth's Trial Ex. 1. Under these circumstances, we agree that there was sufficient evidence from which the jury could infer that the item sold by Appellant was a controlled substance. *See Minott*, 577 A.2d at 932. Therefore, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/25/2021